M. RALSTON *et al. v.* RALSTON.

Where the wife's dower has been set apart to her, agreeable to the Code, §§ 1294, 1295, and where her intestate husband left no issue, she is entitled to one-fourth of the remaining two-thirds, equal to one half of the entire estate, after paying the liabilities.

*Opinion by* GREENE, J. Petition for partition filed in this case under the Code to which a demurrer was filed and overruled. In the petition the following facts are stated: That the petitioner, Louisa M. Ralston, was married to Robert Ralston, October 16, 1851, that on the nineteenth of the same month, Robert died, leaving no issue; that at Robert's death, he was possessed of personal property to the amount of $375 or $400, also had a fee simple title to 334.19 acres of real estate, which is described in petition; that Robert left a number of brothers and sisters (naming them) as his heirs; that her dower interest in said real estate, consisting of one-third of its value and comprising eighty acres, was set apart to her by referees, and the admeasurement

confirmed March 15th, 1852; that petitioner is joint owner with the defendants as brothers and sisters of Robert, deceased, in all of the real estate of Robert, except the eighty acres which had been set apart to her as dower, and claims to own the undivided one-fourth part of said joint estate with the defendants, Matthew Ralston and others who owned the other three-fourths of the joint estate; that the estate is not indebted to an amount greater than one hundred dollars, and that there are ample means aside from the realty to pay off all just demands against the estate; that the eighty acres set off to her as dower is nearly destitute of timber, and that the N. E. fr. ¼ of N. E. ¼ of Sec. 4, T. 71, N of R. 15 W. lies adjoining that which she had secured as dower, and contains a portion of the timber belonging to the joint estate and does not exceed in value the fourth part of said estate, and may be set off to petitioner without injury to the remaining portion, and that such allotment would be the most equitable and fair to petitioner and not detrimental to defendant's interest. The petitioner asks the court to settle the respective shares in interest, and direct partition to be made by referees.

It is contended that the court erred in overruling the demurrer to this petition. The cause of demurrer chiefly relied on, and the only one necessary to be considered is, that the petition shows that the petitioner elected to take her dower, and that the same had been duly assigned to her, and hence it is claimed that she had no interest in the remaining two-thirds of the estate.

The decision of this question depends entirely upon the construction of section 1410 of the Code, which provides: " If the intestate leave no issue, the one-half of his estate (including the dower of his wife) shall go to his father, and the other half to his wife," &c. The question arises, can the fact that the wife's dower had been set apart to her, agreeable to the Code, §§ 1294, 1295, impair her rights under the above section, 1410? We think not. The wife

Ralston *v.* Ralston.

of the intestate, whether he had issue or not, is entitled to "one-third in value of all the real estate upon death of the husband if she survive him," exempt from liability for debts. If the intestate leave no issue she is also an heiress with his father, or with his heirs, (Code, § 1411,) in the residue of the estate, if such residue after paying debts, exceed in value the dower estate set apart to her. In the present case the real estate of the intestate can not be impaired in value by his debts as the personal property amounts to more than enough to pay them; consequently the wife is entitled to one-fourth of the remaining two-thirds of the estate, which, with her dower, would be equal to one-half of the entire estate, leaving the remaining half to the father, or to his heirs.

We cannot for a moment entertain the opinion that the legislature in such a case intended to give one-half of the wife's dower to the father. That clause within brackets, in relation to the wife's dower, was merely inserted to show that the father was to have one-half of the entire estate to be estimated by including the amount of the dower which had been set apart to the wife.

We think, then, that the court below did not err in overruling the demurrer, and that the petition sets forth good reasons for a partition.

Judgment affirmed

*A. Hall* and *Jas. Baker*, for appellants.

*Geo. G. Wright* and *H. B. Hendershott*, for appellee.